**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

PODIATRY INSURANCE COMPANY
OF AMERICA,

                Plaintiff,

v.                                  CIVIL  ACTION  NO.  3:10-1106

TINA M. FALCONE, mother and natural
guardian of Leslie Sue Burd, a minor, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Huntington Foot & Ankle Clinic Inc.'s Motion to Dismiss Tina M. Falcone's Cross-Claim (Doc. 24), Plaintiff's Motion for Leave to Amend Complaint (Doc. 26), Motion by Cabell Huntington Hospital, Inc. for Leave to File Rule 12(b) Motion (Doc. 27), and Motion by Cabell Huntington Hospital, Inc. to Dismiss Third Party Complaint (Doc. 31).  For the following reasons, Huntington Foot & Ankle Clinic Inc.'s motion to dismiss the cross-claim is **GRANTED**, Plaintiff's motion to amend the complaint is **DENIED as moot**, and Cabell Huntington Hospital, Inc.'s motion for leave and motion to dismiss Third Party Complaint are **GRANTED**.

## I.  BACKGROUND

Plaintiff Podiatry Insurance Company of America ("PICA") filed this action pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, and Rule 57 of the *Federal Rules of Civil Procedure*. PICA is seeking a declaratory judgment that it does not have to provide a defense for or indemnify a number of parties involved in an underlying suit filed in the Circuit Court of Cabell County, Civil

Action No. 10-C-446 ("Underlying Suit").  *See Compl.*, Doc. 1.  Among these parties is the plaintiff of the Underlying Suit, Tina M. Falcone, who is acting both individually and in a representative capacity as the mother and natural guardian of L.S.B., a minor.  *See Compl.*, *Req. for Relief* ¶ 1, Doc. 1.  Ms. Falcone filed cross-claims in this action, which allege her negligence claims from the Underlying Action, and a Third Party Complaint, which brings in Cabell Huntington Hospital as a Third Party Defendant.  As the current case originates in the Underlying Action, a brief overview of that action can help illuminate the issues presented in the currently pending motions.

**A.**    <u>**Background of the Underlying Claim**</u>

The Underlying Action stems from alleged medical malpractice by Dr. Seth Stinehour.  Ms. Falcone alleges that L.S.B. suffered permanent injuries and damages as a result of his negligent treatment.  *Compl.* ¶¶ 10–13, *Underlying Action*, Doc. 1-1.  Ms. Falcone filed this suit on her daughter's behalf, and also alleges individual damages.  *Id.* ¶¶ 14–15.  The Complaint in the Underlying Action contains three counts.  Two relate to the alleged negligent treatment, and the third alleges that Dr. Stinehour has refused to produce the medical records and bills related to the treatment.  *Id.* ¶¶ 22–24.

Ms. Falcone also alleges that during all relevant times, Dr. Stinehour was the "actual or ostensible agent and/or servant and/or employee" of Huntington Foot & Ankle Clinic, Inc. ("Huntington Foot") and Great Teays Podiatry, PLLC ("Great Teays").  *Id.* ¶¶ 10–15.  Accordingly, these entities are also defendants in the Underlying Action.  Podiatry Insurance Company of America ("PICA") is not a party to the Underlying Action.  It is, however, the insurer of David Chris Wood, DPM, and Huntington Foot.  *Compl.* ¶¶ 13–14, Doc. 1.  It is from this relationship and the

alleged agency-principal relationship between Huntington Foot and Dr. Stinehour that the current action originates.  *Id.*

**B.**     **Procedural Background of the Current Action**

PICA, an Illinois corporation, filed the current action on September 10, 2010.  *Compl.*, Doc. 1.  Plaintiff named as defendants all the named parties in the Underlying Action, all of whom are represented to be citizens of West Virginia.  *Id.*  As the professional liability policy at issue has a limit greater than this Court's jurisdictional amount and there is diverse citizenship, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  *Id.* ¶¶ 1–7.

PICA issued the policy to David Chris Wood, DPM and Huntington Foot for the period of August 1, 2009 through August 1, 2010, with a retroactive date of August 1, 1998.  *Id.* ¶ 14.  PICA asserts that the policy does not cover any liability stemming from an agency-principal relationship and, as Dr. Stinehour is not a named insured under the policy, any liability he has incurred does not trigger a duty on the part of PICA to defend or indemnify Huntington Foot.  *Id.* ¶¶ 26–33.  PICA seeks a declaratory judgment regarding this duty and any potential duty with regard to the other parties to the Underlying Action.  *Id.* ¶¶ 1–2.

Ms. Falcone, along with her Answer, filed cross-claims and a Third Party Complaint in this action.  The cross-claims incorporate the three counts she alleged in her complaint in the Underlying Action, and also adds an additional count.  *Cross-Cl. of Def. Falcone*, Doc. 17.  Count Four seeks, *inter alia*, additional damages against the cross-claimants, Great Teays, Huntington Foot, Dr. Stinehour, and various unknown individuals and entities, for the failure to provide relevant medical records to Ms. Falcone and damages arising from Dr. Stinehour's failure to maintain an individual policy of medical negligence liability insurance.  *Id.* ¶¶ 26–27.  The Third Party Complaint against

-3-

Cabell Huntington Hospital, Inc. ("CHH"), a West Virginia corporation, alleges that CHH "negligently and carelessly failed to verify" that Dr. Stinehour had a medical negligence professional liability policy. *Third Party Compl.* ¶ 5, Doc. 18. On the basis of this oversight, the Third Party Plaintiff asserts that CHH is directly and vicariously liable to them for the injuries and damages suffered by L.S.B. *Id.* ¶ 6.

Defendant Huntington Foot has moved to have the cross-claims dismissed. *Mem. of Law in Supp. of Mot. to Dismiss Cross-Cl.*, Doc. 25. Third Party Defendant CHH likewise seeks to have the Third Party Complaint dismissed. *Mem. of Law in Supp. of Third-Party Def.'s Mot. to Dismiss*, Doc. 32. Lastly, Plaintiff PICA seeks to amend its Complaint in light of the cross-claims and the Third Party Complaint filed by Defendant Falcone. *Pl.'s Mot. for Leave to Amend Compl.*, Doc. 26. The Court will address the merits of each of these motions in turn.

## II. DISCUSSION

### A.    Huntington Foot & Ankle Clinic Inc.'s Motion to Dismiss Cross-Claim

Defendant Huntington Foot moves to dismiss Defendant Falcone's cross-claim on jurisdictional and abstention grounds. First, Huntington Foot argues that this Court does not have subject matter jurisdiction over the cross-claims. It contends that under Rules 13(g) and 12(b)(1) of the *Federal Rules of Civil Procedure*, the cross-claims must be dismissed. Second, in the alternative, Huntington Foot argues that this Court should abstain from exercising its jurisdiction, citing this Court's recent decision in *Galloway & Associates, PLLC v. Fredeking & Fredeking Law Offices, L.C.*, 2010 WL 3955790 (S.D. W. Va. 2010). As the Court finds it lacks subject matter jurisdiction over the cross-claims, it declines to reach the abstention argument.

For a cross-claim to be properly asserted, it must comply with the requirements under Rule 13(g).  That rule states, in pertinent part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action . . . .

*Fed. R. Civ. P.* 13(g).  In *Wheeling Downs Race Track & Gambling Center v. Kovach*, Judge Stamp of the Northern District of West Virginia conducted an analysis to determine whether a cross-claim arose out of the same transaction or occurrence.  For guidance, he looked to a Fourth Circuit case regarding whether a counterclaim is compulsory under Rule 13(a).  *Wheeling Downs*, 226 F.R.D. 259, 261–62 (N.D. W. Va. 2004).  As in an inquiry under 13(g), a court analyzing whether a counterclaim is compulsory must determine if it arises out of the transaction or occurrence as the original claim.  *Fed. R. Civ. P.* 13(a).  The Fourth Circuit's suggested  inquiries are:

> (1) "Are the issues of fact and law raised in the claim and cross-claim largely the same?"  (2) "Will substantially the same evidence support or refute the claim as well as the cross-claim?" and (3) "Is there any logical relationship between the complaint and the cross-claim?"

*Wheeling Downs*, 226 F.R.D. at 261–62 (quoting *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988)).

Under the first inquiry, the Court finds there is little overlap of issues of fact and law between PICA's claims and Ms. Falcone's cross-claims.  PICA is seeking a declaratory judgment on the issue of whether the policy it issued to David Chris Wood, DPM, and Huntington Foot subject it to a possible duty of defense or indemnification in the Underlying Action.  *Compl.* ¶ 14, Doc. 1. When this request for relief is ripe for adjudication, to ascertain whether it can be granted the Court will examine the language of PICA's policy and whether the alleged negligence and agency

relationship fall under the coverage provided by the policy.  A determination of whether or not the alleged negligent behavior occurred and resulted in the injuries to L.S.B. is not required in order to decide the claim for declaratory relief filed by PICA.  In contrast, the cross-claims filed by Ms. Falcone are based on the alleged negligence of Dr. Stinehour and any liability Huntington Foot may have as a result of its business relationship with Dr. Stinehour.  Accordingly, to decide the cross-claims filed by Ms. Falcone would require the Court to consider additional factual and legal issues than those presented by PICA's claim for declaratory relief.

The second inquiry likewise supports a finding that the complaint and cross-claim do not arise out of the same transaction or occurrence.  To reiterate, for this Court to determine the request for declaratory relief does not require that the underlying negligence action filed by Ms. Falcone be resolved as well.  Whether or not L.S.B.'s injuries stemmed from medical malpractice has no bearing on whether PICA can be held responsible for the defense or indemnification of the parties in the Underlying Action.  Accordingly, to decide Ms. Falcone's cross-claims requires additional evidence from that required to adjudicate PICA's claim.

The third inquiry does indicate some overlap between the current case and the Underlying Action as PICA would not be seeking the declaratory judgments but for the Underlying Action. However, the Court does not find this relationship to be significant enough to yield the conclusion that the complaint and the cross-claim arise out of the same transaction or occurrence.  This conclusion is supported by a string of similar cases where courts found underlying state negligence claims could not be asserted through cross-claims in declaratory judgment actions filed by insurance companies. *See Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 5 (W.D. Okl. 1978) ("A general relevancy between the original action and the cross-claim is not enough to satisfy Rule 13(g)."); *Globe Indem.*

*Co. v. Teixeira*, 230 F. Supp. 444, 448 (D. Haw. 1963) (finding that the liability of the insurance company plaintiff and the cross-claims for damages resulting from car accident did not arise out of the same transaction or occurrence); *Hoosier Cas. Co. of Indianapolis, Ind. v. Fox*, 102 F. Supp. 214, 225, 227–29 (N.D. Iowa 1952) ("'It is well settled that the Declaratory Judgment Act does not confer or extend jurisdiction over an area not already covered, nor can it be used to give relief indirectly which could not be given directly.' It has been frequently stated that the Act should not be used to drag into the federal courts the litigation of claims between citizens of the same states." (quoting *Clark v. Memolo*, 174 F.2d 978, 980 (D.C. Cir. 1949)); *see also* 6 Fed. Prac. & Proc. Civ. § 1432 (3d ed.).

Last, the Court finds that the claim and the cross-claims do not relate to the same property. To reiterate, this action relates to coverage under the insurance policy. The Underlying Action relates to the alleged negligent treatment of L.S.B. by Dr. Stinehour. Even if the Underlying Action is successful, it does not mean the plaintiffs in that action will automatically have a claim to the insurance policy at issue in this action.

This motion was filed by Huntington Foot. The cross-claims filed by Ms. Falcone also name Dr. Stinehour and Great Teays. Under Rule 12(h)(3) of the *Federal Rules of Civil Procedure*, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The same reasoning that applies to the cross-claims asserted against Huntington Foot applies to those cross-claims asserted against Dr. Stinehour and Great Teays. Those claims are likewise based on the alleged negligent treatment provided by Dr. Stinehour. Further, the Court does not have subject matter jurisdiction over the cross-claims relating to Dr. Stinehour's alleged refusal to provide the medical records and his failure to maintain individual insurance coverage.

These claims do not arise out of the same subject matter or transaction as the instant action, which is limited to PICA's potential duty pursuant to the insurance policy issued to Huntington Foot and David Chris Wood, DPM. For the foregoing reasons, Ms. Falcone's cross-claims, in their entirety, are **DISMISSED** for lack of subject matter jurisdiction.

**B.**     **CHH's Motion to Dismiss Third Party Complaint**

CHH asserts a number of grounds on which it seeks to have the Third Party Complaint dismissed. As the Court finds that it lacks subject matter jurisdiction, it declines to reach the merits of these arguments. For a party to successfully file a Third Party Complaint, it must satisfy the requirements of Rule 14(a)(1) of the *Federal Rules of Civil Procedure* for the Court to have subject matter jurisdiction. Rule 14(a)(1) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *Fed. R. Civ. P.* 14(a)(1). A third-party complaint therefore must be based upon a theory of derivative or secondary liability. *See, e.g., Laughlin v. Dell Fin. Servs., L.P.*, 465 F. Supp. 2d 563, 566 (D.S.C. 2006) ("[A] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff.") (citing *Scott v. PPG Indus. Inc.*, 920 F.2d 927, 1990 WL 200655, at *3 (4th Cir. 1990) (unpublished decision)); *Erickson v. Erickson*, 849 F. Supp. 453, 456 (S.D. W. Va. 1994) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."). "The third party practice prescribed by [Rule 14] is an important procedural reform the purpose of which is to avoid needless multiplicity of actions." *Baltimore & O. R. Co. v. Saunders*, 159 F.2d 481, 484 (4th Cir. 1947).

Third Party Plaintiff asserts that CHH is "directly and vicariously liable to the Third-party Plaintiff for the injuries and subsequent damages sustained by L.S.B. . . . as a result of the Podiatric medical and surgical treatment of Crossclaim Defendant Stinehour as set forth in the Crossclaim . . . ." *Third Party Compl.* ¶ 6, Doc. 18.  The Court is unable to understand how this claim satisfies Rule 14(a)(1).  The claim filed by PICA is a claim for declaratory judgment that under the policy it issued to Huntington Foot and David Chris Wood, DPM, it has no duty to defend or indemnify any of the parties to the Underlying Action.  First, the Court does not see how CHH's possible liability to the Third Party Plaintiff with regard to the underlying negligence claims results in CHH's "liab[ility] to [the Third Party Plaintiff] for all or part of the claim against [her]" filed by PICA. Second, CHH is not a party to the Underlying Action.  Instead, it was brought into the current case at bar through its alleged direct vicarious liability for the cross-claims filed by Ms. Falcone.  As these cross-claims have been dismissed, *see supra*, the Court finds no grounds on which the Third Party Complaint can claim to fulfill the requirements of rule 14(a)(1).

The Court also notes that it does not have independent subject matter jurisdiction over the Third Party Complaint.  There is no diversity jurisdiction as CHH is a West Virginia corporation, *Third Party Compl.* ¶ 4, Doc. 18, and Third Party Plaintiff is also a citizen of West Virginia, *id.* ¶ 1.  Further, there is no federal question at issue in the allegations in the Third Party Complaint, as they are based on negligence claims.  Accordingly, for the Court to have jurisdiction over the Third Party Complaint, the pleading must fall within this Court's supplemental jurisdiction. 6 Fed. Prac. & Proc. Civ. § 1444 (3d ed.).

A district court can exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties."  28 U.S.C. § 1367; *see also* 6 Fed. Prac. & Proc. Civ. § 1444.  The Court finds that the claims alleged in the Third Party Complaint are not "of 'a common nucleus of operative fact' such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding."  *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  Like the allegations asserted in the cross-claims, the allegations asserted in the Third Party Complaint are distinct from those asserted by PICA.  The claims in the Third Party Complaint involve a separate set of facts and issues of law relating to the relationship between CHH and Dr. Stinehour and whatever obligations CHH had with regard to ensuring Dr. Stinehour had insurance coverage.  The Court cannot fathom how PICA's possible duty to defend and indemnify Huntington Foot and David Chris Wood, DPM and, as a result of the alleged agency-principal relationship, possibly Dr. Stinehour, could extend to include a similar duty with regard to CHH.  As the cross-claims have been dismissed, any possible "common nucleus of operative fact" is no longer in front of this Court. Accordingly, Third Party Defendant's motion is **GRANTED** and the Third Party Complaint is **DISMISSED**.

C.    <u>**Plaintiff's Motion for Leave to Amend Complaint**</u>

Plaintiff PICA seeks to amend its complaint in light of the new allegations asserted by Ms. Falcone in her cross-claims and the Third Party Complaint.  As these have been dismissed, the Court **DENIES** this motion **as moot**.

-10-

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Cross Defendant Huntington Foot's motion to dismiss cross-claim and Third Party Defendant CHH's motion for leave to file and motion to dismiss the Third Party Complaint.   The Cross-Claims and the Third Party Complaint are accordingly **DISMISSED** in their entirety for lack of subject matter jursidiction.  Plaintiff's motion to amend its complaint is **DENIED as moot**.  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 25, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE